## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD D. BRADDOCK AND CHARLES W. PETERSON, Co-Personal Representatives of the Estate of Dale Braddock, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:11CV402 |
| V. | ) ) ) | |
| FRONTERA PRODUCE, LTD., PRIMUS GROUP, INC., and DILLON COMPANIES, INC., | ) ) ) ) | **ORDER ON MOTION TO CONSOLIDATE** |
| Defendants. | ) ) ) | |
| RONALD D. BRADDOCK and CHARLES W. PETERSON, Co-Personal Representatives of the Estate of Dale Braddock, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:13CV258 |
| V. | ) ) ) | |
| PRIMUS GROUP, INC., | ) ) | |
| Defendant. | ) ) ) | |
| ISLA DRINKWALTER, individually and as Personal Representative for the Estate of George Drinkwalter, | ) ) ) ) | |
| Plaintiff, | ) ) | 7:13CV5006 |
| V. | ) ) ) | |
| FRONTERA PRODUCE LTD, a foreign corporation, PRIMUS GROUP, INC., a foreign corporation, WALMART STORES, INC., a foreign corporation, and JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

With the exception of Defendant Walmart Stores, Inc. ("Walmart"), each of the parties to the above-captioned actions have moved to consolidate *Braddock v. Frontera Produce, Ltd*., Case No. 8:11CV402 ("*Braddock I*"), with *Braddock v. Primus Group, Inc.*, Case No. 8:13CV258 ("*Braddock II*") for discovery and trial. These parties also request that *Braddock I* and *Braddock II* be consolidated with *Drinkwalter v. Frontera Produce Ltd*., Case No. 7:13CV5006 ("*Drinkwalter*") for purposes of discovery only. For the reasons explained below, the motion to consolidate will be granted, in part.

## BACKGROUND

Each of the above-captioned actions arise from a Listeria outbreak allegedly caused by contaminated cantaloupe produced by Jensen Farms and distributed by Frontera Produce, Ltd. ("Frontera"). Walmart generally does not oppose consolidating the three cases for purposes of discovery, and it has no position as to whether the *Braddock* cases should be consolidated for trial. However, Walmart objects to consolidating these cases without an attempt to coordinate discovery in these cases with similar cases across multiple jurisdictions. Walmart has advised the Court that there are currently over 60 cases pending in various jurisdictions throughout the United States resulting from the Listeria outbreak. Twenty-six of those cases are pending in state courts in Colorado. On December 11, 2013, the Panel on Consolidated Multidistrict Litigation of the Colorado Supreme Court ordered that the twenty-six Colorado cases be consolidated for disclosure, discovery and dispositive motions, but not for trial.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration. Fed. R. Civ. P. 42(a). "The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." *Cisler v. Paul A. Willsie Co.*, Case No. 8:09CV365, 2010 WL 3237222, *2 (D. Neb. Aug. 13, 2010). The consent of the parties is not required for consolidation. *Id*. Whether to grant a motion to consolidate is within the sound discretion of the court. *Id*. When ruling on a motion to consolidate, "[t]he court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Id*. (citation omitted). Lawsuits involving the same parties are "apt candidates for consolidation." *Id*. (quotation and citation omitted). However, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE*

*Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Having reviewed the matter, the Court concludes that consolidating these cases for purposes of discovery is appropriate. The cases involve common issues of law and fact, as they all arise from a Listera outbreak allegedly caused by contaminated cantaloupe grown and processed by Jensen Farms and distributed by Frontera. The *Braddock* cases are brought by the same Plaintiffs, and involve claims for damages resulting from the death of Plaintiffs' decedent, Dale Braddock. Although the *Drinkwalter* case involves a different plaintiff, the *Drinkwalter* plaintiff similarly maintains that her decedent died after contracting Listera from a cantaloupe grown and processed at Jensen Farms. Moreover, the *Drinkwalter* and *Braddock* cases involve several of the same defendants. Because consolidation of these cases will conserve judicial resources, as well as the resources of the parties, the Court will order these matters consolidated for discovery. At this point, however, the Court will not address the question of whether the *Braddock* cases should be consolidated for purposes of trial, as this issue is best left to be determined following the completion of some discovery. Therefore, the motion to consolidate is denied insofar as it requests that the *Braddock* cases be consolidated for trial. However, the motion will be denied without prejudice to reassertion at a later time.

The Court appreciates Walmart's desire to further reduce litigation costs by ordering that discovery in these three Nebraska cases be coordinated with other state and federal courts where Listeria cases are pending. However, at this point, the Court sees no practical way of coordinating such extensive and wide-spread litigation.

Accordingly,

**IT IS ORDERED:**

1.   The Joint Motion to Consolidate (Case No. 8:11CV402, Filing 128; Case No. 8:13CV258, Filing 18; Case No. 7:13CV5006, Filing 81) is granted, in part. The above-captioned actions are hereby consolidated for discovery. To the extent that the Motion to Consolidate asks that the *Braddock* cases be consolidated for trial, it is denied without prejudice to reassertion at a later date.

2.   Counsel for the parties in the *Drinkwalter* case shall confer and, on or before

May 9, 2014, they shall jointly submit a Rule 26(f) Report in accordance with the Scheduling Letter issued in that action.

3.      A planning conference in the above-captioned cases will be held, via telephone, with the undersigned on May 30, 2014, at 10:00 a.m.  Counsel for Plaintiffs Ronald Braddock and Charles Peterson shall initiate the call to the Court.  Prior to the conference, counsel for all parties in the above-captioned actions shall meet and confer in an effort to coordinate discovery deadlines and procedures, and discuss any other issues the parties feel need to be addressed at the conference.

**DATED April 11, 2014.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**